IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | § § | |
| Plaintiff, | § § | CIVIL ACTION NO. _____ |
| v. | § § | |
| CVS PHARMACY, INC, | § | JURY TRIAL DEMANDED |
| Defendant. | § | |

## ORIGINAL COMPLAINT

1. This is an action under Title VII of the Civil Rights Act of 1964, *as amended*, and Title I of the Civil Rights Act of 1991, *as amended,* to correct unlawful employment practices on the basis race and retaliation and to provide appropriate relief to Alphonse Jolivet who was adversely affected by such practices. The Defendant, CVS Pharmacy, Inc. ("Defendant" or "CVS") unlawfully denied Alphonse Jolivet ("Charging Party" or "Jolivet") equal employment opportunities by subjecting him to harassment on the basis of race in violation of Title VII. Additionally, CVS terminated Mr. Jolivet in retaliation for his opposing unlawful employment practices by a CVS employee. Specifically, CVS terminated Jolivet after he disciplined an employee who repeatedly used racially offensive language and engaged in other racially offensive conduct in the workplace.

## JURISDICTION AND VENUE

2. Jurisdiction of this court is invoked pursuant to 28 U.S.C. §§451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706 (f)(1) and (3) of Title VII of the Civil Rights Act of 1964, *as amended,* 42 U.S.C. §2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, *as amended,* 42 U.S.C.

§1981A.

3. Venue is proper in this court because the unlawful employment practices alleged below were and are now being committed within the jurisdiction of the United States District Court for the Southern District of Texas, Houston Division.

## PARTIES

4. Plaintiff, the Equal Employment Opportunity Commission ("Commission") is an agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706 (f)(1) and (3), 42 U.S.C. §2000e-5 (f)(1) and (3).

5. Defendant CVS Pharmacy, Inc. has continuously been and is now doing business in the State of Texas and the City of Rosenberg and has continuously had more than 15 employees. Defendant CVS Pharmacy, Inc. may be served by serving its registered agent for service of process, CT Corporation System, 350 N. St. Paul Street, Dallas, Texas 75201.

6. At all relevant times, CVS has continuously been an employer engaged in an industry affecting commerce with the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

7. More than thirty days prior to the institution of this lawsuit, Jolivet filed a charge of discrimination with the Commission alleging violation of Title VII by CVS, his former employer. All conditions precedent to the institution of this lawsuit have been fulfilled, including the timely filing of a charge of discrimination and an attempt to conciliate this matter.

8. Since at least 2006, CVS has engaged in unlawful employment practices at its Rosenberg, Texas location in violation of Sections 703 (a)(1) and 704(a) of Title VII.

9. Mr. Jolivet, an African-American male, was hired as a CVS shift supervisior in December 2005. He worked in that capacity for CVS until his discharge in March 2006.

10. Shortly after the commencement of his employment, a Caucasian cashier clerk began calling Jolivet "Buckwheat" and other racially offensive terms when speaking to him and when referring to him. He also made ape-like sounds in Jolifet's presence and in the store manager's presence. Jolivet was offended by the employee's conduct and verbally admonished the employee to stop engaging in this behavior and instructed the employee to call him by his name. The employee refused and instead escalated the use of the racially offensive language. Despite his responsibility to do so, the store manager did nothing to stop the cashier clerk from engaging in the racially offensive language and conduct.

11. The employee has admitted to calling Jolivet "Buckwheat."

12. Because the employee persisted in engaging in racially offensive language and conduct, Jolivet, in his capacity as shift supervisor, issued a written disciplinary warning to the employee.

13. Jolivet issued the employee a second disciplinary warning for taking a product without paying for it.

14. Because the employee continued to use racially offensive language, in March 2006, Jolivet issued a disciplinary warning to the employee for using racial slurs.

15. The store manager, Jolivet's supervisor, informed Jolivet that he should not have issued any of the disciplinary warnings to this employee regarding the use of racially offensive language or slurs.

16. Shortly after this discussion, the store manager terminated Jolivet.

17. The effect of the practices complained of above has been to deprive Mr. Jolivet of equal employment opportunities and otherwise adversely affect his status as an employee by requiring him to be subjected to racial harassment in the workplace and because of his protected activity of opposing employment practices he believed to be discriminatory and in violation of Title VII.

18. The unlawful employment practices described above were intentional and were committed with malice or with reckless indifference for the federally protected civil rights of Mr. Jolivet.

## PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court:

19. Grant a permanent injunction enjoining CVS Pharmacy, Inc., its officers, successors, assigns and all persons in active concert or participation with it, from engaging in employment practices which discriminate on the basis of race and opposition to discrimination;

20. Order CVS to institute and carry out policies, practices and procedures which provide equal employment opportunities for employees engaging in protected activity and which eradicates the effects of its past and present unlawful employment practices and which eradicates racial harassment in the workplace;

21.     Order CVS to make Mr. Jolivet whole by providing appropriate back pay, with prejudgment interest in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of the unlawful employment practices he was subjected to;

22.     Order reinstatement into a comparable position for Mr. Jolivet or award front pay in the amounts to be proven at trial if reinstatement is impractical;

23.     Order CVS to make Mr. Jolivet whole by providing compensation for past and future pecuniary losses resulting from the unlawful practices described above, including out-of-pocket expenses such as job search expenses and insurance expenses in amounts to be proven at trial;

24.     Order CVS to make Mr. Jolivet whole by paying compensatory damages to him for his past and future non-pecuniary losses including emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses he suffered as a result of the unlawful employment practices described above, in amounts to be proven at trial;

25.     Award punitive damages to Mr. Jolivet for CVS's malicious and/or reckless conduct described above, in amounts to be proven at trial;

26.     Award pre-judgment and post-judgment interest on all amounts recovered as allowed by law;

27.     Order all affirmative relief necessary to eradicate the effects of its unlawful employment practices;

28.     Award the Commission its costs in this action; and

29.     Grant such other and further relief as the Court deems necessary and proper.

<u>JURY TRIAL DEMANDED</u>

30. The Commission requests a jury trial on all questions of fact raised by its complaint.

        Respectfully submitted,

        **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

        RONALD S. COOPER
        General Counsel

        JAMES LEE
        Deputy General Counsel

        GWENDOLYN YOUNG REAMS
        Associate General Counsel
        1801 L. Street, N.W.
        Washington, D.C. 20507

By: /s/Kathy D. Boutchee
    Kathy D. Boutchee
    Attorney-in-Charge
    TBN: 02717500
    SDN: 10145
    EEOC
    Houston District Office
    1919 Smith Street, 7th Floor
    Houston, Texas 77002
    (713) 209-3399
    Fax: (713) 209-3402
    Email: kathy.boutchee@eeoc.gov

        ATTORNEYS FOR PLAINTIFF

<u>OF COUNSEL</u>
Jim Sacher
Regional Attorney
Houston District Office
1919 Smith, 7th Floor
Houston, Texas 77002
(713) 209-3398
Fax: (713) 209-3402